Mark E. HAMMETT, Plaintiff–
Appellant

v.

J. COFIELD; E. Conley; M. Sands;
Leon Vickers; Thomas Baker; Stormi
Moeller; Beth Clad; Erica C. Cun-
ningham; Mike Kemna; Dave Dor-
mire, Superintendent; Bill Galloway;
Mark Schrieber, Defendants–Appel-
lees.

No. 13–3795.

United States Court of Appeals,
Eighth Circuit.

Submitted: March 5, 2015.

Filed: March 23, 2015.

Mark E. Hammett, Jefferson City, MO,
pro se.

Jessica L. Liss, Jackson Lewis LLP, St.
Louis, MO, for appellees Jewel Cofield, Dr.
Elizabeth Conley, Dr. Michael Sands, Leon
Vickers, Dr. Thomas Baker, Stormi Moel-
ler, Beth Clad, and Erica C. Cunningham.

Before BYE, SMITH, and
SHEPHERD, Circuit Judges.

PER CURIAM.

Inmate Mark E. Hammett appeals the
district court's adverse grant of summary
judgment in his 42 U.S.C. § 1983 action.
We reverse and remand for further pro-
ceedings.

After this court reversed the dismissal
of Hammett's section 1983 action for fail-
ure to exhaust administrative remedies,
finding that he had exhausted certain med-
ical grievances, *see Hammett v. Cofield,*
681 F.3d 945 (8th Cir.2012) (per curiam),
Hammett filed a verified amended com-
plaint naming only Correctional Medical
Services (CMS) officials and employees,
including doctors and nurses. His Eighth
Amendment claims arose from alleged in-
adequacies in the treatment for his knee
pain. The court granted summary judg-
ment to the CMS defendants and sum-
marily denied Hammett's multiple pending
motions.

We conclude that the CMS defendants
failed to meet their burden as summary
judgment movants. *See Carrington v.
City of Des Moines, Iowa,* 481 F.3d 1046,
1050–51 (8th Cir.2007) (at summary-judg-
ment stage, moving parties carry ultimate
burden of proof to establish no material
facts are in dispute and they are entitled
to judgment, as matter of law). Hammett
offered verified allegations that Dr. Thom-
as Baker told him he would not get sur-
gery before age 50 and would not refer
him to a knee specialist; that Dr. Sands
told him in early 2009 that some knee
tendons were detached, for which he need-
ed an MRI and surgery, which he could
not receive until age 50 under CMS policy;
and that despite a doctor's order, nurse
Beth Clad withheld lidocaine patches for
his knee pain after he was cleared of giv-
ing patches to another inmate. In addition
to Hammett's verified allegations, he also
offered the declarations of other inmates
as to their observations of his symptoms
from his knee problems. *See Davis v.
Jefferson Hosp. Ass'n,* 685 F.3d 675, 682
(8th Cir.2012) (verified complaint is equiva-
lent of affidavit for summary judgment
purposes). Defendants' supporting evi-
dence consisted of grievance documents,

and of computerized medical records that are difficult to follow and end in July 2010, well before Hammett's amended complaint was filed in August 2012 and defendants moved for summary judgment in April 2013. Further, the records were not accompanied by a declaration from a medical professional explaining the significance of the documented findings, such as Dr. M. Sands's assessment of a positive "anterior drawer" sign.[1] *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir.2010) (per curiam) (reviewing de novo grant of summary judgment, viewing record and drawing all inferences in favor of nonmovant).

As to Hammett's motions, the district court did not rule on the motion to reconsider appointment of counsel, or alternatively to appoint a medical expert, filed some six months before the CMS defendants moved for summary judgment. On remand the district court should rule on the motions. As to the motions Hammett filed after his summary-judgment resistance, while we agree with the district court that he offered no legitimate basis for recusal, *see Roe v. St. Louis Univ.*, 746 F.3d 874, 886 (8th Cir.2014) (abuse of discretion standard of review), the district court offered no explanation for denying the multiple other pending motions, which included a renewed motion for counsel and a motion under Fed.R.Civ.P. 56(d) related to Hammett's then recent MRI and knee surgery in early 2013. In his motion to postpone the summary judgment ruling, Hammett declared the new medical records would prove that the delay in the MRI and surgery had caused irreparable damage; the district court summarily denied the motions, but granted summary judgment based in part on Hammett's failure to provide verifying medical evidence on the effect of the delay. *See* Fed.

R.Civ.P. 56(d)(2) (if nonmovant shows by declaration that, for certain reasons, he cannot present facts essential to justify opposition, court may allow time to take discovery or obtain affidavits or declarations); *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, LLP*, 687 F.3d 1045, 1049–50 (8th Cir.2012) (noting Rule 56(f)—replaced by Rule 56(d)(2)—existed to prevent party from being unfairly thrown out of court by premature summary judgment motion); *Moots v. Lombardi*, 453 F.3d 1020, 1023 (8th Cir.2006) (inmate complaining of delay in treatment must offer verifying medical evidence that delay had detrimental effect). We thus reverse and remand for further proceedings consistent with this opinion.

---

**1.** This signifies rupture of the anterior cruciate ligament, the front portion of one of the ligaments crossing the knee joint. *See Mos-* *by's Dictionary of Medicine, Nursing & Health Professions* 110 (8th ed. 2009).